UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TARLOCHAN SINGH,

                        Petitioner,

        v.

JULIO HERNANDEZ, et al.,,

                        Respondents.

Case No. 2:26-cv-02223-TLF

ORDER GRANTING PETITION
FOR HABEAS CORPUS IN PART

Petitioner Tarlochan Singh, a native of India, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC"). Dkts. 1 (petition), 6 (Deportation Officer ("DO") declaration). Petitioner initially entered the United States in 1994 and an Immigration Judge ("IJ") ordered him excluded the same year. Dkts. 1, 6.

During the subsequent immigration proceedings, petitioner sought numerous forms of relief and respondents released petitioner under two Orders of Supervision ("OSUP") in 2006 and 2009. Dkts. 1-1, 1-2, 7-6, 7-10 (copies of the 2006 and 2009 OSUP). In June 2026, respondents detained petitioner and revoked his OSUP. Dkts. 1-3, 7-20 (Notice of Revocation), 7-21 (informal interview document), 7-22 (warrant), 7-23 (I-213 form). Respondents acknowledge that petitioner's re-detention was based on a mistaken belief petitioner was subject to a final removal order. Dkt. 5 at 5, 8-9.

Petitioner now seeks release, asserting a due process claim under *Mathews v. Eldridge*, 424 U.S. 319 (1976) among other claims. Dkt. 1.

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 1

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 3. For the reasons below, the Court **GRANTS** the petition **IN PART** and orders respondents to immediately release petitioner **within 24 hours** of the filing of this Order.

## I.    BACKGROUND

Petitioner entered the United States in 1994 seeking asylum and was released. Dkt. 1 at 4; Dkt. 6 at 2; Dkt. 7-1. That same year, an IJ entered an order of exclusion after petitioner failed to appear at a hearing. Dkt. 1 at 4; Dkt. 7-4 (IJ Order).

Over the following years, petitioner sought various forms of relief, including an asylum application, a motion to reopen his immigration proceedings, and an I-485 adjustment of status application. Dkt. 1 at 4-7; Dkt. 6 at 2-4. Concurrently, petitioner was released under an OSUP, initially issued in 2006 and re-issued in 2009. Dkts. 1-1, 1-2, 7-6, 7-10.

In 2006, the U.S. Citizenship and Immigration Services ("USCIS") rejected petitioner's asylum application on jurisdictional grounds, instead directing him to seek relief before an IJ. Dkt. 1 at 4-5; Dkt. 6 at 2. That same year, respondents issued petitioner's first OSUP. Dkt. 1 at 5; Dkt. 6 at 2-3; Dkt. 1-1; Dkt. 7-6.

In 2008, an IJ denied petitioner's asylum application, and entered a final order of removal. Dkt. 1 at 5; Dkt. 6 at 3; Dkt. 7-8 (Order).

In November 2009, petitioner filed an I-485 adjustment of status application after he married a U.S. citizen. Dkt. 1 at 5-6; Dkt. 6 at 3. Later in November, the BIA affirmed the IJ's denial of petitioner's asylum application and entered a final order of removal. Dkt. 1 at 5; Dkt. 6 at 3; Dkt. 7-9 (Order). That same year, respondents issued petitioner's second OSUP. Dkt. 1 at 5; Dkt. 6 at 3; Dkt. 1-2; Dkt. 7-10.

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 2

In 2010, petitioner moved to reopen his immigration proceedings before the BIA. Dkt. 1 at 6; Dkt. 6 at 3. Petitioner explains he so moved because the "[BIA] had issued a final order of exclusion against [him], he was at risk of being arrested and removed from the United States before the I-485 application could be adjudicated." Dkt. 1 at 6; Dkt. 6 at 3. The BIA denied petitioner's motion to reopen on jurisdictional grounds. Dkt. 1 at 6; Dkt. 6 at 3; Dkt. 7-11 (Order).

Petitioner ultimately appealed the denials of his asylum application and his motion to reopen to the Ninth Circuit. Dkt. 1 at 5-6; Dkt. 6 at 3-4. In 2014, the Ninth Circuit affirmed the denial of petitioner's asylum application, but reversed the denial of petitioner's motion to reopen. *Singh v. Holder*, 771 F.3d 647, 652, 654 (2014). The Ninth Circuit remanded the matter to the BIA. *Id.*

On remand from the Ninth Circuit, in 2015 the BIA ordered petitioner's immigration proceedings be "reopened for the sole and limited purpose of being administratively closed pending the final administrative ruling on the applicant's application for adjustment of status filed before the United States Citizenship and Immigration Service (USCIS)." Dkt. 7-17.

In April 2025, USCIS dismissed petitioner's appeal of the denial of his adjustment of status application. Dkt. 1 at 7; Dkt. 6 at 4. In November 2025, respondents moved to re-calendar and re-open petitioner's immigration proceedings with the BIA. Dkt. 1 at 7; Dkt. 6 at 5. The parties state this motion remains pending. Dkt. 1 at 7; Dkt. 6 at 4.

In June 2026, respondents issued a Notice of Revocation of petitioner's OSUP and detained petitioner. Dkt. 1 at 7-8; Dkt. 7-20. Respondents' Notice of Revocation, in explaining the basis for revoking petitioner's OSUP, reasserted the above-described

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 3

procedural history. Dkt. 7-20.[1] Respondents' I-213 form also justified petitioner's detention by asserting he had "an unexecuted final removal order," and generally stating he was "arrested for immigration violations." Dkt. 7-23. Respondents also assert that while they were detaining petitioner, they gave him "an opportunity to respond during an informal interview, during which he declined to provide a statement." Dkt. 5 at 5 (citing Dkt. 7-21).

## II.    DISCUSSION

Petitioner requests release, and asserts a procedural due process claim under *Mathews*, among other claims. *E.g.* Dkt. 1 at 9, 16-18.

Petitioner argues his "exclusion proceedings remain administratively closed" and "[a]ccordingly, there is currently no final order of removal against [him]." Dkt. 1 at 7. Petitioner also argues, and respondents do not substantively dispute that, petitioner "has never been arrested" or "charged with any criminal offense in the United States,"[2]

---

[1] The Notice of Revocation states:

> The purposes of release have been served.
>
> Your conduct, or other circumstance, indicate that release is no longer appropriate. Specifically, on September 30, 2008, the Immigration Court ordered your removal to India. On November 20, 2009, the Board of Immigration Appeal (BIA) dismissed your case. On November 30, 2009, you filed a petitioner for review with the Ninth Circuit Court, case 09-73798. While your petitioner for review is pending, on February 18, 2010, you filed motion to reopen with the BIA. On August 4, 2010, BIA dismissed your motion to reopen for lack of jurisdiction. On August 27, 2010, you filed a petition for review on BIA's dismissal of your motion to reopen. The two cases were consolidated on October 13, 2020. On November 13, 2014, the Ninth Circuit Court issued a decision on your cases. Case 09-73798 was denied; case 10-72626 was remanded. On September 29, 2015, BIA administratively closed the proceedings.

Dkt. 7-20.

[2] Petitioner acknowledges he faced "arrests in India" but argues the arrests "were part of the political persecution [he] suffered in India and were not based on any criminal charges . . ." Dkt. 1 at 8. Respondents do not appear to rely on petitioner's arrests in India as a basis for petitioner's current detention. Dkt. 5, 7-23.

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART - 4

and that "[h]e has never failed to appear for a check-in as required under the OSUP and he has never violated any term or condition of the OSUP." Dkt. 1 at 7-8.

Respondents acknowledge the Office of Enforcement and Removal Operations ("ERO"), "mistakenly concluded that Petitioner had an unexecuted final order of removal." Dkt. 5 at 5. This is because "Petitioner does not currently have a final order of removal as his exclusion proceedings remain administratively closed before the BIA." Dkt. 5 at 8. And "[w]ithout conceding the issue, Federal Respondents currently do not possess evidence to demonstrate that the revocation of Petitioner's release complied with due process." Dkt. 5 at 8.

To assess petitioner's procedural due process claim under *Mathews*, the Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (2025), and *Ramirez Tesara,* 800 F. Supp. 3d 1130, 1136-1137 (W.D. Wash. 2025), in weighing the *Mathews* factors: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of any additional or substitute safeguards; and (3) respondents' interest, including the function involved and financial and administrative burdens that the additional or substitute safeguards would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

As a preliminary note, respondents appear to defend their revocation of petitioner's OSUP by claiming he was mandatorily detained under 8 U.S.C. § 1225(b). *E.g*, Dkt. 5 at 6-7. The Ninth Circuit has rejected this argument in *Rodriguez Vazquez v. Bostock*, No. 25-6842 (9th Cir. July 30, 2026).

ORDER GRANTING PETITION FOR HABEAS CORPUS IN PART - 5

The first *Mathews* factor weighs in petitioner's favor. Petitioner's interest in "[f]reedom from detention 'is the most elemental' of private interests affected by official action." *Simmaphilavong v. Noem*, No. 2:26-cv-00458-JHC, 2026 WL 593146, at *3 (W.D. Wash. Mar. 3, 2026) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)). When petitioner was conditionally released, this both permitted him to gain a foothold in the community and represented an implicit promise re-detention would only occur in-line with his conditions of release. *Id.* And the petitioner in *Simmaphilavong* had been released for many years under an OSUP which also had been re-affirmed when a new OSUP was issued. *Id.* Similarly here, petitioner had been released under an OSUP since 2006, and is OSUP was re-affirmed in 2009. Dkts. 1-1, 1-2, 7-6, 7-10.

The second *Mathews* factor weighs in petitioner's favor. DHS regulations, namely 8 C.F.R. §§ 241.4 and 241.13, set the circumstances under which respondents may revoke a petitioner's OSUP. *Martinez v. Noem*, 821 F. Supp. 3d 1183, 1190 (C.D. Cal. 2026).[3] Here, respondents acknowledge that petitioner's OSUP was revoked based on the mistaken belief he was subject to an unexecuted final order of removal. Dkt. 5 at 5, 8-9 ("Petitioner does not currently have a final order of removal, as his exclusion proceedings remain administratively closed before the BIA"); Dkt. 7-21; Dkt. 7-23. This Court previously examined a similar mistaken belief. a *Ho v. Noem*, No. C25-2222-RSM-MLP, 2025 WL 3466923, at *4 (W.D. Wash. Nov. 24, 2025), *report and recommendation adopted* 2025 WL 3471855 (W.D. Wash. Dec. 3, 2025) (Court found the second *Mathews* factor "weighs heavily in favor of Petitioner" as "the purported

---

[3] These circumstances for revocation include when a petitioner violated a release condition, 'changed circumstances' which indicate a significant likelihood of removal in the reasonably foreseeable future, or when certain officials may exercise their discretion to revoke release. *Martinez*, 821 F. Supp. 3d at 1190.

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 6

justification for re-detaining Petitioner, *i.e.*, the issuance of a final order of removal, lacks any factual basis."). The respondents lacked a factual basis for detaining petitioner, thus there is an erroneous basis for the deprivation of his liberty.

As for the third factor, there is a "'heightened government interest in the immigration detention context.'" *Simmaphilavong*, 2026 WL 593146, at *5 (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (2022)). Even so, this interest does not nullify petitioner's own liberty interest, especially when the "government fails to assert any specific interest that would counsel against the Court finding a due process violation" and "none appear obvious on its face" as "[p]etitioner has no criminal history and has fully complied with his OSUP" since his release. *Id.*

The Court finds petitioner has a protected liberty interest in his continued release from custody and all the *Mathews* factors weigh in his favor. As a result, petitioner has established he "is in custody in violation of the Constitution or laws or treaties of the United States" and thus is entitled to habeas relief. 28 U.S.C. § 2241(c).

### III.   CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus **IN PART**[4] and **ORDERS:**

1) Respondents shall immediately release petitioner **within 24 hours** of the filing of this Order.

2) Respondents shall file a certification with this Court **within two business days** confirming the date and time of petitioner's release.

---

[4] To the extent petitioner requests other injunctive relief, such as limits on any potential future re-detention, *e.g.* Dkt. 1 at 8-9, the Court declines to grant this relief and adopts the reasoning of *Saadhom v. Bondi*, 829 F. Supp. 3d 907, 922-23 (W.D. Wash. 2026).

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 7

3)  Respondents shall release petitioner under his most recent conditions of release that were in place prior to his detention.

4)  Upon release, respondents must return to petitioner any personal property, including personal identification documents (other than a passport) and employment authorization documents.

Dated this 30th day of July, 2026.


Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING PETITION FOR HABEAS
CORPUS IN PART - 8